R. F. WASSON, Administrator of BENJAMIN LILLARD, Deceased, *v.* WM. GARRETT, *et als.*

TRUSTEE. *Rights of beneficiaries to recover money paid by the trustee through mistake. Fraud.* Where a trustee wrongfully, or by mistake, pays money to a third person, supposing he was relieving the trust property from an incumbrance, he will not thereby be relieved from responsibility in the matter of his trust to the beneficiaries under the deed, and whatever the trustee's rights may be, the beneficiaries, in the absence of fraud, are entitled to no relief against the party wrongfully receiving the money.

---

FROM RUTHERFORD.

---

Appeal from the Chancery Court. JNO. P. STEELE, Chancellor.

B. F. LILLARD for Wasson.

EWING & HANCOCK and CHAS. READY for Garrett and others.

FREEMAN, J., delivered the opinion of the Court.

Charles Watts, in April, 1865, made a deed of trust to Benjamin Lillard, complainant's intestate, conveying certain lots in Murfreesboro to secure said Lillard as his surety on certain notes. After the death of Lillard, defendant Saunders was appointed trustee in his stead, and proceeded to sell the lots in accordance with the requirements of the trust. They were bought by different parties, but failed to bring an amount sufficient

to pay the debts on which Lillard was surety. It appears that part of the lots purchased at this sale had, previous to the execution of the deed of trust, been levied on under an execution in favor of defendant, A. T. Reeves, issued on a judgment rendered by a Justice of the Peace of Rutherford county, and the papers returned to the Circuit Court for order of sale in, perhaps, April, 1861. These papers were lost or mislaid during the war, but were supplied after the war, and an order of sale issued, directing the sale of the lot to satisfy the judgment of Reeves, under which it was sold, and the Sheriff returns that it .was bought by Reeves, or bid off by him for his debt, costs and commissions."

A paper is filed as an exhibit, which appears to be a statement that the defendant Garrett was the purchaser of said lot, on which he, as a judgment creditor and purchaser, advances his bid, $186 50, and files his receipt in the office of the Circuit Court, as required by law in such cases.

Saunders, the trustee, supposing the sale and advance bid to be regular on the part of Garrett, paid Garrett over $500 in discharge of his claim on the lot, to relieve it of this supposed incumbrance. It is now claimed in this bill that this money was paid by mistake, and that Garrett had no lien on the land or charge on the same; that he was not the purchaser, and that the sale was void, and this money paid by mistake.

The bill seeks, on the part of the administrator of Lillard, to have this money paid back by Garrett. A

demurrer was filed by defendants, and sustained by the Chancellor, the bill dismissed, from which there is an appeal to this Court.

It is obvious that whatever may be the rights of Saunders, the trustee, who paid the money, that complainant has no right to the relief he seeks. If Saunders wrongfully, or by mistake, paid money to Garrett, supposing he was relieving the trust property from an incumbrance, under the facts as charged in the bill, he will not thereby be relieved from responsibility in the matter of his trust to the complainant, as beneficiary under the deed. But complainant has no right to call on Garrett to refund, unless there had been fraud and collusion between the trustee and Garrett in the misappropriation of part of the trust fund. If Saunders chooses to take the responsibility of letting this payment stand, complainant cannot object, no fraud or collusion being alleged as between Saunders, the trustee, and Garrett, the supposed creditor.

Without further discussion of the question, we affirm the decree of the Chancellor, with costs.